IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOISES Z.Z., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*, <br><br> Respondents. | Civil No. 1:26-cv-04598-MWJS <br> Civil No. 1:26-cv-04666-MWJS <br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART <br><br> A# 221-486-325 |

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART</u>**

Petitioner Moises Z.Z.[1] is an immigration detainee proceeding with a petition for

writ of habeas corpus under 28 U.S.C. § 2241.[2]  Dkt. No. 1.  The petition suggests that

Petitioner entered the country without inspection more than twelve years ago, before

U.S. Immigration and Customs Enforcement detained him in January 2026.  *Id.* at pg. 1.

Petitioner now invokes this court's habeas jurisdiction, contending, among other

things, that because he is not subject to mandatory detention under 8 U.S.C. § 1225(b),

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

[2]     The court consolidated a subsequently filed action with this case.  *See Moises Z.Z. v. Markwayne Mullin, et al.*, No. 1:26-cv-04666-MWJS (E.D. Cal.).

he is entitled to a bond hearing under 8 U.S.C. § 1226(a).[3]  *See* Petition, *Moises Z.Z. v. Mullin*, No. 1:26-cv-04666-MWJS (E.D. Cal. June 17, 2026), Dkt. No. 1, at pgs. 24–27. Petitioner seeks an order granting either his immediate release or a "constitutionally adequate custody hearing."[4]  *Id.* at pg. 30.  This court and many others have granted relief in cases analogous to this one.  *See, e.g., Juana G.R.P. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-04406-MWJS, 2026 WL 1712375 (E.D. Cal. June 12, 2026); *Bertoldo B.F. v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-03634-MWJS, 2026 WL 1638322 (E.D. Cal. June 4, 2026).  The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

---

[3]    Petitioner also argues that detaining him without a bond hearing violates the Due Process Clause of the Fifth Amendment.  *See* Petition, *Moises Z.Z.*, No. 1:26-cv-04666-MWJS (E.D. Cal. June 17, 2026), Dkt. No. 1, at pgs. 19–24, 26 –27.  Given the relief granted by the court, Petitioner's additional claims are DENIED without prejudice.

[4]    Petitioner separately filed a notice of new medical developments and request for immediate medical evaluation.  Dkt. No. 7.  To the extent Petitioner is seeking relief based on medical care he is receiving at California City Immigration Processing Center, courts generally lack jurisdiction to consider such claims in a habeas action.  *See Pinson v. Carvajal*, 69 F.4th 1059, 1073–75 (9th Cir. 2023) (holding that district court correctly concluded that it lacked jurisdiction to consider medical care claims of habeas petitioner); *Ayala v. Lyons*, No. 1:26-cv-03173, 2026 WL 1493907, at *4 (E.D. Cal. May 28, 2026) (concluding that petitioner in immigration detention could not pursue medical care claims in habeas action).  Petitioner's request, Dkt. No. 7, is therefore DENIED.

The court ordered Respondents to address whether there are any factual or legal bases to distinguish this case from prior cases such as those listed above.  Dkt. No. 4. The court appreciates Respondents' timely and candid response.  Dkt. No. 6.  Although Respondents maintain that Petitioner's detention is lawful, Respondents acknowledge that "the factual and legal issues present here are not substantively distinguishable" from those in the cases cited by the court.  *Id.* at pg. 3.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior cases that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part, to the extent Petitioner contends that he is entitled to a bond hearing.  Respondents are ENJOINED AND RESTRAINED from continuing to detain Petitioner unless they demonstrate, within seven days of the date of this order, that Petitioner has received a bond hearing before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its implementing regulations.[5]  Respondent shall file a status report on or before July 6, 2026, confirming whether a bond hearing has been held and, if so, the outcome of that hearing.  If a bond hearing has been held, the status report must include a copy of the immigration judge's decision or an explanation of why the decision is not available.

---

[5]    To the extent Respondents state that Petitioner received a bond hearing on April 5, 2026, they acknowledge that the immigration judge denied bond based on a purported lack of jurisdiction.  Dkt. No. 6, at pg. 4.  Thus, to date, no immigration judge has considered the merits of Petitioner's request for a change in custody status in accordance with 8 U.S.C. § 1226(a) and its implementing regulations.

The Clerk of Court is directed to file this order in both case No. 1:26-cv-04598-MWJS and No. 1:26-cv-04666-MWJS, and to enter judgment for Petitioner in both cases.

IT IS SO ORDERED.

DATED:  June 23, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

---

Civil Nos. 1:26-cv-04598-MWJS & 1:26-cv-04666-MWJS; *Moises Z.Z. v. Warden, California City Immigration Processing Center*; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART